In the Matter of the Claim of ERVIN S. SLATER, Appellant, v. TOWN OF SOUTHPORT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by claimant from a decision which disallowed his claim on the ground that he was, when injured, an independent contractor with, and not an employee of the respondent town. Claimant, according to his testimony, was engaged generally in tree work — trimming and removing trees — sometimes if "not always" pursuant to written contracts with municipalities and individuals. He entered into such a contract with respondent town, applicable to trees on the streets therein designated, for the contract price of $1,200. Three months later he made an oral agreement with the town's Superintendent of Highways covering additional trees, for work upon which he was to be paid $75 per day; and he was, in fact, paid at that rate for cutting 35 or 40 trees. Under the oral agreement, as under the written one, claimant furnished his own equipment, had one employee

on his payroll and carried his own liability and compensation insurance. He billed the town at the $75 rate which was paid to him without deduction for social security, income tax or any other purpose. In disallowing the claim, the board found "that claimant was an independent contractor as he worked for a fixed price of $75 a day and supplied his own tools and equipment and that the work claimant performed outside the contract was the same as he performed within the contract." In contesting the decision, appellant's sole contention is "that the work to be performed * * * was completely subject to the control of * * * the employer's Superintendent of Highways"; but the board correctly quoted the Superintendent as testifying "that he had the same control over claimant when he worked under written contract or outside of contract"; and the claim of control seems to rest largely on the fact that the time for performance of the work was determined by mutual agreement, primarily so that the superintendent's crew would be available for the removal of the brush and debris resulting from claimant's work. Had substantial control in greater or less degree been shown, it would not, however, have required the board to reach a different conclusion; nor would it enable us to interfere with the board's finding. Control is but one of several factors to be considered in determining employment status. (*Matter of Klein* v. *Sunrise Bldg. Co.,* 7 A D 2d 805, mot. for lv. to app. den. 5 N Y 2d 711.) More often than not, in cases appealed upon this issue, we find "some of the usual indicia of an independent contractor; some of the usual indicia of an employer and employee relationship, and many circumstances which would be equally consistent with the relationship of independent contractor and the relationship of employer and employee. Under such circumstances the relationship becomes a question of fact, and this court may not say as a matter of law that the relationship was that of independent contractor." (*Matter of Berkman* v. *Billig Mfg. Co.,* 9 A D 2d 810.) By the same token we cannot disturb the board's determination when, as here, it has gone the other way by finding claimant's status was that of an independent contractor. Dealing with an issue of employment status, the Court of Appeals said: "'When conflicting inferences are possible, the finding of the Board prevails.' (*Matter of Glielmi* v. *Netherland Dairy Co.,* 254 N. Y. 60, 64; Workmen's Compensation Law, § 20.)" (*Matter of Gordon* v. *New York Life Ins. Co.,* 300 N. Y. 652, 654, mot. for rearg. den. 300 N. Y. 742.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.