■ PATRICIA C. DECKER et al., Respondents, v. CITY OF TROY, Appellant. (And Another Action.) — Appeal from an order of Supreme Court at Special Term, entered in Rensselaer County, which denied a motion by defendant, City of Troy, for a protective order. We have approved discovery under similar circumstances. (*Long* v. *State of New York*, 33 A D 2d 621.) Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.

■ In the Matter of the Claim of SHARON (DAVIS) PRESTON, Respondent, v. WILLIAM KING, Respondent, and ISCHUA VALLEY COUNTRY CLUB et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the alleged employer Ischua Valley Country Club, hereinafter referred to as IVCC, and its insurance carrier, from a decision of the Workmen's Compensation Board, dated April 3, 1970, which held that the claimant's deceased was an employee of IVCC. The board found " on the basis of the credible evidence that an employer-employee relationship existed between William King and the Ischua Valley Country Club. The board further finds that the decedent was hired by William King as agent for the Ischua Valley Country Club and was an employee of said employer. The board finds that the Ischua Valley Country Club and its carrier, Travelers Insurance Company, are liable for payments of compensation and death benefits." It appears to be implicit from the testimony of the employer's representative that the work to be done at the Country Club was fully explained to King and that if King needed any further instructions or information, he would ask for it. This practice had been established when King had performed other services for the IVCC. On this record there is substantial evidence to sustain the findings of the board. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.

7 In the Matter of the Claim of RICHARD E. CAREY, Respondent, v. ROCHESTER TELEPHONE CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed August 3, 1970, which increased the claimant's award from 50% to 66⅔%, retroactive to December 27, 1966. By a decision dated January 8, 1968 the board affirmed a Referee's decision that the claimant sustained a back injury in 1962 and that accident, notice and causal relationship were established for that injury. The board's decision does not indicate that the employer attempted to raise the time limitations of section 28 of the Workmen's Compensation Law as to the 1962 accident and the minutes of the hearing before the board upon the carrier's application in regard to the 1962 accident do not indicate that any issue as to said section 28 was raised. There was no appeal. The record establishes that the appellant raised no question as to section 28 in the proceedings before the board which resulted in the decision appealed from increasing the percentage of disability of the claimant from 50% to 66⅔%. The appellant having failed to raise any issue as to section 28 in the proceedings heretofore had in this claim must be deemed to have waived the same (Workmen's Compensation Law, § 28) and, in any event, the appellant having failed to raise this issue before the board may not assert the same upon this appeal (*Matter of Hedlund* v. *United Exposition Decorating Co.* (15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646). The appellant has not contended upon this appeal that the board's decision should be reversed for any reason other than the bar of said section 28. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.