■ In the Matter of Claim of the Estate of PAUL W. SCOTT, Respondent, v R. M. STEVENSON MOTORS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Main, J. Appeal from a decision of the Workers' Compensation Board, filed March 7, 1986, which ruled that Paul W. Scott was not an employee of R. M. Stevenson Motors, Inc.

R. M. Stevenson Motors, Inc. (hereinafter the corporation), newly incorporated, was formed to engage in the used car business. R. M. Stevenson was the sole stockholder, principal and only listed employee. Stevenson entered into an oral understanding with Paul W. Scott, decedent, whereby decedent was to do body work on an Impala automobile owned by the corporation. At the time, decedent was employed full time as an automobile body repairman for another agency. It was understood that decedent would work on the Impala during his spare time and that he would be paid an agreed sum upon completion of the work. On Saturday, January 29, 1983, decedent worked on the Impala at the corporate premises and, upon finishing for the day, proceeded to another area to extinguish the lights. At the same time, Stevenson was throwing down firewood from an upper storage area and one of the pieces of firewood struck decedent on the head. As a result, decedent suffered a brain contusion with resulting hemorrhaging, causing his death three days later. No claim was ever filed on behalf of decedent for the reason that his father understood that there was no employer-employee relationship between the corporation and his son. However, the corporation filed an employer's report of injury form. The Workers' Compensation Law Judge, after hearing the testimony of Stevenson and decedent's father found that an employment relationship existed between decedent and the corporation and that decedent's death arose out of the employment. The Workers' Compensation Board reversed that finding and found

that "based on the testimony of Mr. Stevenson and Mr. R. Scott, the father of decedent, that there was no employer-employee relationship between decedent and [the corporation]". The Board also concluded that it had been agreed that decedent would do the repair work at a fixed price at hours convenient to him and without direction from Stevenson. The corporation and its carrier appeal from that determination.

The sole inquiry presented is whether decedent was an employee of the corporation or, as the estate contends, an independent contractor at the time of the fatal accident. It is well established that the issue of whether an employer-employee relationship exists is a factual one and solely within the province of the Board (see, Matter of Slater v Town of Southport, 29 AD2d 592). While the principal factors to be considered are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the so-called "relative nature of the work" test (see, Matter of Bedder v Gambardella, 49 AD2d 968), "no single factor is conclusive and the result can often turn on the basis of any one or a combination of the factors" (Matter of Wittenstein v Fugazy Cont. Corp., 59 AD2d 249, 250, lv denied 43 NY2d 648).

Stevenson testified to the effect that he did not know how to do the repair work so he could not supervise or control it. While Stevenson gave decedent a gratuitous advance for the Christmas holidays, no payment was due until the repairs were completed, there was no withholding for any purpose and decedent was not listed as an employee. Decedent furnished his own tools and worked when his time and work schedule permitted. There was no evidence as to any right to discharge and it appears that in the event of any disagreement between the parties, any relief would have to be sought through a contract action. As to the nature of the work test, the record shows that the work was of a specialized nature, that decedent had a full-time job and that the needs of the new business were uncertain. Thus, consideration of the factors and test lead inescapably to the conclusion that the relationship of decedent to the corporation was that of an independent contractor. Moreover, even if conflicting inferences may be drawn from the evidence before the Board, the finding of the Board must prevail (see, Matter of Hopkins v Players' Three, 99 AD2d 912). Accordingly, since its decision is supported by substantial evidence, it must be affirmed.

Decision affirmed, with one bill of costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.