■ In the Matter of the Claim of ELPIDIO VALVERDE, Re-

---

spondent, v NEW YORK CITY DEPARTMENT OF HOUSING PRESER-VATION AND DEVELOPMENT, Appellant. WORKERS' COMPENSA-TION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed March 10, 1988, as amended by decision filed November 18, 1988.

Claimant was injured on February 21, 1982 in a fall while working as a superintendent in a New York City apartment house. The issue on this appeal is whether the Workers' Compensation Board erred in finding that the New York City Department of Housing Preservation and Development (hereinafter HPD) employed claimant and was thus responsible for payment of his workers' compensation award.

Pursuant to RPAPL article 7-A, HPD successfully commenced a special proceeding for a judgment in the Housing Part of the Civil Court of the City of New York on February 4, 1982, appointing Haruna Kimura as the "7A Administrator" of the premises at 525 and 527 West 135 Street in New York City. After posting the required surety bond, Kimura was authorized to collect the rents; to remedy conditions and remove building code violations alleged in the petition; order and pay for necessary repairs and provide the tenants with heat and hot water; secure and pay for liability and casualty insurance; pay real property taxes; borrow up to $25,000 for such purposes; and to retain 5% of the rent collected as her fee. Kimura was required to execute a compliance agreement with the HPD monitoring unit, keep proper records, submit monthly reports to HPD and to the court, and generally manage and operate the building. Kimura commenced her duties in early February 1982 and served until HPD petitioned the court for her removal on December 16, 1982.

Following hearings, a Workers' Compensation Law Judge held that Kimura was claimant's special employer and the HPD monitoring unit was the general employer, and awarded claimant benefits. A three-member panel of the Board affirmed the decision. The full Board rescinded this decision and remanded the matter for further consideration. Ultimately, the Board held that HPD was the sole employer. HPD has appealed.

It is well established that the issue of whether an employer-employee relationship exists is a factual matter for Board resolution and that, if supported by substantial evidence, the determination must be upheld (*Matter of Schaff v Maunz Co.*, 144 AD2d 109; *Matter of Davison v Holder*, 137 AD2d 899). The testimony shows that Kimura exercised authority over and supervised claimant's work in the building, paid his wages

with her checks and fired him after the accident. The issue distills to whether Kimura did so as claimant's employer or as an agent of HPD, since persons employed by an agent to perform the work of a principal are employees of that principal, not the agent, particularly for purposes of the Workers' Compensation Law (see, Matter of Preston v King, 38 AD2d 640; Matter of Enright v Asplundh Tree Expert Co., 271 App Div 847, affd 297 NY 452; Matter of Wenks v Dry Dock Sav. Inst., 253 App Div 851, lv denied 278 NY 740; 2 NY Jur 2d, Agency, § 152, at 582). HPD essentially maintains that Kimura acted on behalf of the appointing court, not HPD. We find otherwise. The record shows that although HPD could have acted as 7A Administrator itself, it opted instead to have Kimura appointed. The work performed by Kimura was essential to HPD's existence, i.e., the preservation of housing. As stated above, the terms of the appointing order required Kimura to enter a compliance agreement with HPD insuring that the existing building violations would be remedied and that she would report to HPD on a monthly basis. HPD provided extensive assistance and guidance to Kimura in the performance of her administrative function. HPD conceded that Kimura was "like a figure head [sic] paid by the City". Significantly, HPD was given authority to remove Kimura and actually exercised that power in December 1982. Given this evidence, the Board had ample basis to conclude that HPD utilized Kimura as its agent and, concomitantly, qualified as claimant's employer for purposes of the Workers' Compensation Law.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.