■ In the Matter of the Claim of JACK WEINGARTEN, Respondent, v XYZ TWO WAY RADIO SERVICE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 1990, which ruled that an employer-employee relationship existed between claimant and XYZ Two Way Radio Service, Inc.

At issue in this case is whether claimant, a shareholder and participating limousine driver in XYZ Two Way Radio Service, Inc., a corporation providing solicitation and dispatch services, is an employee of the corporation and thus eligible for workers' compensation benefits. Participation in the dis-

patch service evidently requires that the participating driver purchase a certain number of shares in the corporation. The participant must own a limousine and is required independently to pay for insurance, gas, oil and maintenance. All participants have or are supplied with two-way radios in their limousines which are connected to the corporation's central dispatch. While participants have no set hours, if they wish to work they call in and place themselves on a "list".

The corporation takes calls from customers who seek limousine transportation and its dispatcher evidently assigns the participating drivers to the fare in the order in which they placed themselves on the list. Whether participants must accept an assigned fare depends on whether the fare is a cash fare or a voucher fare. If the fare is a cash fare (i.e., the passenger pays the participant directly upon arrival at the desired location) it may be refused; if, however, the fare is a voucher fare (i.e., the passenger simply signs a voucher at the completion of the trip which the participant returns to the corporation and receives a set percentage payment) the participant must accept the fare or face a monetary penalty. The corporation also reimburses participating drivers for tolls and related expenses. Claimant indicated that he does not provide limousine service to anyone other than the corporation's customers and suggested that if he does, he is subject to a penalty. At the conclusion of the evidence, the Workers' Compensation Law Judge found no employer-employee relationship. Upon administrative appeal, the Workers' Compensation Board reversed. The corporation appeals.

We affirm. The sui generis inquiry of whether an employer-employee relationship exists in a given situation presents a factual issue within the province of the Board, and its determination must be upheld if supported by substantial evidence (see, e.g., Matter of Valverde v New York City Dept. of Hous. Preservation & Dev., 154 AD2d 756, appeal dismissed 77 NY2d 833; Matter of Daughtrey v Enertex Computer Concepts, 149 AD2d 872). Chief among the factors to be considered in making this determination are the purported employer's right to control the work, the method of payment, which party furnishes the equipment necessary to do the work, the right to discharge and the relative nature of the work (see, e.g., Matter of Schaff v Maunz Co., 144 AD2d 109; Matter of Richter v Buffalo Air Park, 125 AD2d 809). Here, the Board concluded that the corporation's complete control over the solicitation and scheduling of voucher fares, the mandatory nature of voucher fare assignments, its exclusive authority over the

handling and processing of the voucher payment system accompanied by the fact that claimant does *not* accept fares other than those referred by the corporation, tipped the scale in favor of finding an employer-employee relationship. In our view, these incidents of control are sufficient to support the Board's conclusion *(see, Matter of Ziegler v Fillmore Car Serv.,* 83 AD2d 692, *lv denied* 54 NY2d 609; *Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, *lv denied* 43 NY2d 648; *cf., Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett],* 173 AD2d 1036, *lv denied* 78 NY2d 857; *Livery Owners Coalition v State Ins. Fund,* 152 Misc 2d 905).

We have examined the remaining issues propounded by the corporation and find them to be unpreserved for review.

Mercure, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.