■ In the Matter of the Claim of LINDA BAKER, Respondent, v WESSEL DUVAL, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 690]—Appeal from a decision of the Workers' Compensation Board, filed February 13, 1992, which ruled that claimant was an employee of Wessel Duval, Inc. and awarded workers' compensation benefits.

Decedent, a director and shareholder of respondent Wessel Duval, Inc., died after suffering a stroke during a board of directors' meeting. The Workers' Compensation Law Judge found, *inter alia,* that decedent was an employee of Wessel Duval, Inc. and awarded benefits. The Workers' Compensation Board affirmed and the employer appeals.

The question of whether an employer-employee relationship exists is a factual issue within the province of the Board and its determination must be upheld if supported by substantial evidence *(see, Matter of Weingarten v XYZ Two Way Radio Serv.,* 183 AD2d 964, 965, *lv dismissed* 80 NY2d 924). Factors in the determination include the right to control or discharge, the method of payment, the furnishing of equipment and the "relative nature of the work"; further, no one factor is controlling and the Board's decision may be based on any one or a combination of these factors *(see, Matter of Scott v Stevenson Motors,* 127 AD2d 953). While we recognize the broad discretion given the Board in determining whether a claimant is an

employee, we are constrained by the decision of the Court of Appeals in *Matter of Nallan v Motion Picture Studio Mechanics Union* (40 NY2d 1042) to reverse the Board in this instance. In *Nallan,* the Court of Appeals reversed the finding of the Board that the claimant, a member of the executive board of a union, was an employee of the union. Determinative in the Court of Appeals' analysis were the facts that the claimant was paid no salary other than a stipend for attending board meetings and had no employment contract with the union, and that the union did not control the claimant's work or have a right to discharge him from the board. Similarly, here there is no evidence that these indicia of control were present in the relationship between Wessel Duval, Inc. and decedent. While here there is also testimony that decedent contributed to the business by assisting in making trades for Wessel Duval, Inc. and in endeavoring to obtain financing for the business, similar activity by the claimant in *Nallan* was rejected by the Court of Appeals as indicative of an employer-employee relationship.

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.