■ In the Matter of the Claim of WESNER LE FEVRE, Respondent, v TEL-A-CAR OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [603 NYS2d 600] — White, J. Appeal from a decision of the Worker's Compensation Board, filed May 1, 1992, which ruled that an employer-employee relationship existed between claimant and Tel-A-Car of New York, Inc.

Claimant is a franchisee of Tel-A-Car of New York, Inc., which operates a two-way radio dispatch transportation service. Tel-A-Car's obligation under the franchise agreement was to provide claimant with customers seeking transportation services for which Tel-A-Car received a percentage of the fare that it established. Claimant was required to undergo training, provide and pay for all of the operating expenses of a particular type of luxury car, and was required to lease a two-way radio from Tel-A-Car. In addition, to avoid the assessment of penalties, including the loss of the franchise, claimant had to abide by a dress code, maintain a clean car, be courteous

under all circumstances and comply with Tel-A-Car's rules of operation. As long as he answered 20 calls a week, claimant was free to work as he chose and was not restricted to a particular territory.

It is well established that the issue of whether an employer-employee relationship exists is a factual issue for the Workers' Compensation Board, and its determination must be upheld even though there may also be other evidence which could have supported a contrary conclusion *(see, Matter of Kurzyna v Communicar, Inc.,* 182 AD2d 924, *lv denied* 80 NY2d 754; *Matter of Valverde v New York City Dept. of Hous. Preservation & Dev.,* 154 AD2d 756, *lv dismissed* 77 NY2d 833). Here, the Board predicated its determination upon the fact that claimant was required to drive a particular type of luxury car, lease a radio from Tel-A-Car, charge the fares which were set by Tel-A-Car, was not allowed to pick up fares on his own and was only allowed to answer calls dispatched by Tel-A-Car. In our view, these incidents of control are sufficient to support the Board's determination *(see, Matter of Weingarten v XYZ Two Way Radio Serv.,* 183 AD2d 964, *lv dismissed* 80 NY2d 924; *Matter of Kurzyna v Communicar, Inc., supra; Matter of Wittenstein v Fugazy Cont. Corp.,* 59 AD2d 249, *lv denied* 43 NY2d 648).

Tel-A-Car's contention that its compliance with the State Franchise Act (General Business Law art 33) does not constitute control over claimant was not raised before the Board and cannot be considered for the first time on appeal *(see, Matter of Richardson v Hetelekides,* 170 AD2d 912).

Yesawich Jr., J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.