■ In the Matter of the Claim of MICHAEL J. SAVINO, Respondent, v UTOG 2-WAY RADIO, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [627 NYS2d 162] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed March 11, 1994, which ruled that an employer-employee relationship existed between claimant and UTOG 2-Way Radio, Inc.

Claimant, a shareholder and participating limousine driver in UTOG 2-Way Radio, Inc., a corporation providing dispatched car service, was found by the Workers' Compensation Board to be an employee of the corporation and thus eligible for workers' compensation benefits, citing to *Matter of Weingarten v XYZ Two Way Radio Serv.* (183 AD2d 964, *lv dismissed* 80 NY2d 924). The Board accorded claimant benefits for injuries sustained while he was changing a flat tire while on duty as a limousine driver.

There should be an affirmance. The issue of whether an employer-employee relationship exists is a factual one for resolution by the Board. Its determination must be upheld if supported by substantial evidence. The circumstances of control by the dispatcher over its drivers, found significant of employer control in *Matter of Weingarten v XYZ Two Way Radio Serv. (supra,* at 965), are substantially similar to the instant case. We find that the decision of the Board is supported by substantial evidence.

There is no merit to respondent's stare decisis argument based on our decision in *Matter of Pavan (UTOG 2-Way Radio Assn.—Hartnett)* (173 AD2d 1036, *lv denied* 78 NY2d 857), a case involving the same corporation as here and another limousine driver, wherein the driver was found to be an independent contractor under the Unemployment Insurance Law. In *Matter of Kurzyna v Communicar, Inc.* (182 AD2d 924, *lv denied* 80 NY2d 754), we indicated that administrative

determinations under one statute are not binding under another statute.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.