■ In the Matter of the Claim of RICHARD A. GREGG, Appellant, v FRANCINE A. RANDAZZO, Doing Business as R.J.S. SERVICES, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [628 NYS2d 434] — Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 27, 1993, which ruled that claimant was not an employee and denied his claim for workers' compensation benefits.

Claimant was injured when he was hit in the arm by a bul-

let while driving a truck in New York City. Claimant subsequently filed a claim for workers' compensation benefits, naming R.J.S. Services as his employer. At hearings before a Workers' Compensation Law Judge (hereinafter WCLJ), Richard Hess testified that he was the operations manager for R.J.S. Services, a company owned by his spouse. Hess further testified that he had been told by a Waldbaum's employee that there was excess hauling work available and therefore approached claimant with a business proposition because claimant owned two trucks. Hess testified that he and claimant were partners in this new business.

The WCLJ ruled that claimant was not eligible for workers' compensation benefits because he was a partner in the enterprise with Hess. The Workers' Compensation Board affirmed the WCLJ's decision, finding that the intent of the parties was to establish a partnership and that there was insufficient evidence to establish an employer-employee relationship. Claimant appeals.

It is well settled that "[t]he question of whether an employer-employee relationship exists is a factual issue within the province of the Board and its determination must be upheld if supported by substantial evidence" (*Matter of Baker v Wessel Duval, Inc.*, 194 AD2d 1047; *see, Matter of Le Fevre v Tel-A-Car*, 198 AD2d 658; *Matter of Weingarten v XYZ Two Way Radio Serv.*, 183 AD2d 964, *lv dismissed* 80 NY2d 924). Among the factors considered are the employer's right to control the work, the method of payment, which party furnishes the necessary equipment, the right to discharge and the nature of the underlying work (*see, Matter of Baker v Wessel Duval, Inc.*, supra, at 1047; *Matter of Ziegler v Fillmore Car Serv.*, 83 AD2d 692, 693, *lv denied* 54 NY2d 609). The Board's decision may be based on any one or a combination of these factors, since no one factor is deemed dispositive (*see, Matter of Baker v Wessel Duval, Inc.*, supra).

Our review of the record indicates that the Board's decision was supported by substantial evidence. Hess testified that he and claimant entered into a business agreement for their mutual benefit. Claimant testified that he supplied the trucks which were thereafter leased to Hess. Claimant and Hess jointly rented trailers as needed and in those instances where claimant drove the trucks in connection with their business, he was paid a flat fee on a per-load basis without payroll deduction (*see, Matter of Ted Is Back Corp.*, 64 NY2d 725; *Matter of Glaze v Villa Mfg. Co.*, 45 NY2d 942). He further testified that when other workers were hired to drive, he was also paid. No-

tably, claimant testified that he was not prohibited from working elsewhere and that while he believed that Hess was his supervisor, a conflict between their testimony merely presented a credibility question for the Board to resolve (*see, Matter of Cozzolino v Ford Motor Co.*, 144 AD2d 204).

Also without merit is claimant's contention that he was denied due process because the Board's decision below was based upon a finding of partnership, an issue not raised by R.J.S. Services and for which claimant had no notice. Noting that claimant did not raise the due process objection in his application for review or at the time of hearing, we find such issue unpreserved for our review (*see, Matter of Ruffino v Rosen & Sons*, 142 AD2d 177, *affd* 74 NY2d 861). We nonetheless note that the issue of partnership was ancillary to the determination due to the lack of testimony indicating the requisite indicia of control over claimant by Hess and R.J.S. Services (*see, Matter of Baker v Wessel Duval, Inc.*, *supra*; *cf., Matter of Pittman v Poughkeepsie Journal*, 140 AD2d 779).

Accordingly, after our review of all other issues raised which we find to be without merit, we find that there was substantial evidence to support the Board's decision denying the claim for benefits.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.