◾ In the Matter of the Claim of ISAAC BANFUL, Respondent, v SKYLINE CREDIT RIDE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [635 NYS2d 730] —Mikoll, J. P. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed July 14, 1993 and August 16, 1994, which ruled that an employer-employee relationship existed between claimant and Skyline Credit Ride, Inc.

Claimant, a shareholder and participating limousine driver for Skyline Credit Ride, Inc. (hereinafter Skyline), a corporation providing dispatched car service, was found by the Workers' Compensation Board to be an employee of the corporation and thus eligible for workers' compensation benefits. In support of its finding, the Board specifically relied upon this Court's prior decision in *Matter of Weingarten v XYZ Two Way Radio Serv.* (183 AD2d 964, *lv dismissed* 80 NY2d 924) and concluded that claimant should be awarded workers' compensa-

tion benefits for injuries sustained in a motor vehicle accident while on duty as a limousine driver. Skyline and its compensation carrier now appeal, both principally contending that claimant should have been found to be an independent contractor.

We affirm. It is well settled that the issue of whether an employer-employee relationship exists is a factual one for the Board to resolve and its determination must be upheld if supported by substantial evidence (*see, Matter of Savino v Utog 2-Way Radio*, 215 AD2d 964). This holds true even if there is also other evidence that could have supported a contrary conclusion (*see, Matter of Le Fevre v Tel-A-Car of N. Y.*, 198 AD2d 658, 659). Here, the evidence of control over the workday of limousine drivers by Skyline and its dispatchers was, similar to the situation presented in *Matter of Weingarten v XYZ Two Way Radio Serv.* (183 AD2d 964, *supra*), sufficient to justify the Board's finding that an employer-employee relationship existed (*see, Matter of Savino v Utog 2-Way Radio, supra*).

Finally, we find no merit in the assertion that the Board failed to sufficiently explain the inconsistency between the result herein and the result reached in an earlier determination by the Board wherein the Board found a different limousine driver working for Skyline to be an independent contractor (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 516-517). In its amended decision herein, the Board specifically explained that the previous determination on essentially the same facts finding an independent contractor relationship was tantamount to an aberration and the Board intended to follow the reasoning espoused in the *Weingarten* decision. Under the circumstances, we find this explanation to be rational.

White, Casey, Peters and Spain, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.