■ In the Matter of the Claim of GARY N. LONG et al., as Parents and Guardians of KAREN C. LONG, an Infant, Appellants, v SCHENECTADY COUNTY YOUNG MEN'S CHRISTIAN ASSOCIATION (YMCA), Respondent. WORKERS' COMPENSATION BOARD, Respondent. [642 NYS2d 96] —Appeal from a decision of the Workers' Compensation Board, filed June 28, 1994, which ruled, *inter alia*, that Karen C. Long was an employee of Schenectady County Young Men's Christian Association.

During the summer of 1989, Karen C. Long participated in a counselor aide training program sponsored by the Schenectady County Young Men's Christian Association (hereinafter YMCA) at Camp Chingachgook in Warren County. She was injured while helping to launch a large raft. Long subsequently commenced a personal injury action against the YMCA. The YMCA interposed workers' compensation as an affirmative defense to the action, which led to proceedings before the Workers' Compensation Board. After various hearings, the Board issued a decision ruling that Long was an employee of the YMCA and that her injury was an accident within the meaning of the Workers' Compensation Law. Claimants appeal from this decision.

Initially, the existence of an employer-employee relationship is a factual matter for the Board to decide which must be upheld if supported by substantial evidence (*see, Matter of Savino v UTOG 2-Way Radio*, 215 AD2d 964; *Matter of Le Fevre v Tel-A-Car of N. Y.*, 198 AD2d 658). While no one factor is dispositive, the factors relevant to the Board's analysis include (1) the right of control over the claimant's work, (2) the method of payment, (3) the furnishing of equipment, (4) the right of discharge, and (5) the relative nature of the work (*see, Matter of Baker v Wessel Duval, Inc.*, 194 AD2d 1047; *Matter of Weingarten v XYZ Two Way Radio Serv.*, 183 AD2d 964, *lv dismissed* 80 NY2d 924).

In the case at bar, evidence was adduced at the hearing that Long received a reduction in tuition to attend the camp and free room and board in exchange for her participation in the counselor aide training program. Her duties included helping the counselors with classes and supervising the campers, with whom she shared a cabin. In addition, she was required to and did obtain working papers to participate in the program. Furthermore, the YMCA retained the right to ask Long to leave the camp if her conduct became undesirable and also provided her with all necessary equipment. In view of the foregoing, we find that substantial evidence supports the Board's decision that Long was an employee of the YMCA.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.