■ In the Matter of the Claim of ERNEST HALL, Respondent, v CARMEN DIGIACOMO, Doing Business as OK FARMS, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [649 NYS2d 835] —Appeal from a decision of the Workers' Compensation Board, filed April 12, 1995, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

In April 1992, claimant injured his back while loading a side of beef onto a truck as part of his duties for Carmen Digiacomo, doing business as OK Farms, and Lily Digiacomo, doing business as OK Markets. After a hearing, the Workers' Compensation Law Judge disallowed claimant's claim for work-

ers' compensation benefits finding that there was no employment relationship between him and the Digiacomos. This determination was reversed by the Board.

It is beyond cavil that the inquiry of whether an employer-employee relationship exists in a given situation presents a factual issue within the province of the Board, and its determination must be upheld if supported by substantial evidence (*see, Matter of Savino v UTOG 2-Way Radio,* 215 AD2d 964). We find that substantial evidence supports the Board's determination that claimant was the Digiacomos' employee; namely, evidence was adduced at the hearing that on the day claimant was injured, he had been working for the Digiacomos since 1990 at the hourly wage of $5 and under the control and supervision of Carmen Digiacomo. In the face of conflicting testimony among the witnesses, the Board's finding rests largely upon the credibility of claimant's testimony and the inferences to be drawn therefrom. Since the Board was entitled to resolve credibility disputes in claimant's favor and claimant's testimony was not "replete with inconsistencies in the face of the unimpeached testimony of a number of impartial witnesses" (*Matter of Lewis v Cambridge Filter Corp.*, 132 AD2d 802, 803, *lv dismissed* 70 NY2d 871, *lv denied* 71 NY2d 805), we discern no reason for disturbing the Board's decision.

Cardona, P. J., White, Casey, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.