■ In the Matter of the Claim of ELAINE WINGLOVITZ, Appellant, v AGWAY, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 509] —Appeals from two decisions of the Workers' Compensation Board, filed February 13, 1996 and June 12, 1996, which, *inter alia*, ruled that claimant's decedent was not an employee and denied her claim for workers' compensation benefits.

Decedent, a postmaster and chicken farmer, contracted to raise roaster chickens owned by respondent, a farmers' co-op, in a chicken coop owned by and located on decedent's property. On April 13, 1993, decedent died while repairing a chain feeder and come along in the chicken coop. Thereafter, claimant applied for workers' compensation benefits contending that decedent was an employee of respondent. Ultimately, after reversing its prior decision, the Workers' Compensation Board disallowed the claim upon a finding that decedent was an independent contractor. Claimant appeals, contending that decedent was under the control and supervision of respondent.*

We affirm. Whether an employer-employee relationship exists is a factual issue for the Board to resolve and its determination must be upheld if supported by substantial evidence (*see, Matter of Banful v Skyline Credit Ride*, 222 AD2d 871). Relevant factors to be considered in determining whether an employer-employee relationship exists are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the relative nature of the work involved (*see, Matter of Schaff v Maunz Co.*, 144 AD2d 109).

Here, although respondent's service manager provided recommendations on how to care for the chicks and frequently inspected the coops, the record establishes that decedent owned and supplied the building and equipment for raising the chickens, insured the premises against fire and was not prohibited from, and did at times, have others help raise the chickens. Furthermore, decedent received payment after the flock was fully raised, which took about 12 weeks, no deductions were taken from his payment and he was provided with a 1099 tax form. Decedent's income tax records show that he reported the moneys he received from Agway as farm income rather than as wages or salary. Testimony further established that under the contract respondent had no right to fire decedent. Under these circumstances, we find that substantial evidence supports the Board's finding that decedent was an independent contractor even though there is evidence in the record which could support a contrary conclusion (*see, Matter of Banful v Skyline Credit Ride, supra; see also, Matter of Glaze v Villa Mfg. Co.*, 45 NY2d 942). Nor do we find the Board's rescission and reversal of its prior decision to be arbitrary and capricious inasmuch as the Board amply explained the reasons for reaching its final decision.

---

* Inasmuch as claimant failed to brief the issue of the Board's denial of awards and fees, we deem this issue abandoned (*see, e.g., Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

Cardona, P. J., Mikoll, White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.