■ In the Matter of the Claim of QAVI QAVI, Respondent, v UTOG 2-WAY RADIO, INC., et al., Appellants; WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 672] —Appeal from a decision of the Workers' Compensation Board, filed April 24, 1997, which ruled, *inter alia,* that an employer-employee relationship existed between claimant and Utog 2-Way Radio, Inc.

Claimant was injured in an automobile collision while working as a limousine driver for Utog 2-Way Radio, Inc., a corporation providing dispatched car service. The Workers' Compensation Board determined that an employer-employee relationship existed between claimant and Utog and that claimant was therefore eligible for benefits. The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination must be upheld if supported by substantial evidence, even if there is evidence that would support a contrary conclusion (*see, Matter of Banful v Skyline Credit Ride,* 222 AD2d 871, 872). Here, as we previously found in a nearly identical case involving a different limousine driver's claim for workers' compensation benefits against Utog (*see, Matter of Savino v UTOG 2-Way Radio,* 215 AD2d 964), there was sufficient evidence of control over claimant to support the Board's finding that an employer-employee relationship existed (*see, Matter of Banful v Skyline Credit Ride, supra; Matter of Weingarten v XYZ Two Way Radio Serv.,* 183 AD2d 964, *lv dismissed* 80 NY2d 924). The assertion by Utog that claimant's lease agreement with Silver Car is determinative is rejected when viewed in light of all the other factors considered by the Board. Finally, Utog's contention that it did not receive proper notice of the claim for benefits was not raised at the administrative hearing and is therefore unpreserved for our review.

Mercure, J. P., Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.