In the Matter of the Claim of DEODAT JHODA, Respondent, v MAUSER SERVICE, INC., Doing Business as NU NU CAR SERVICE, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [719 NYS2d 388] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 3, 1999, which ruled, *inter alia*, that an employer-employee relationship existed between claimant and Mauser Service, Inc.

Mauser Service, Inc., doing business as Nu Nu Car Service (hereinafter the corporation), provides radio-dispatched car service. According to claimant, he was employed to drive a livery car for the corporation and was shot in March 1993 by an unknown assailant when he arrived at the address to which he had been directed by the corporation's dispatcher. Asserting that it had no relationship with claimant and that, in any event, its drivers were independent contractors, the corporation contested claimant's workers' compensation claim. The Workers' Compensation Board ultimately concluded that there was an employer-employee relationship between claimant and the corporation and that claimant sustained an accident arising out of and in the course of the employment. The corporation appeals.

The issue of whether an employer-employee relationship exists is a factual one for the Board to resolve and, if supported by substantial evidence, its decision must be upheld (*see, Matter of Qavi v Utog 2-Way Radio*, 252 AD2d 719). With regard to the corporation's denial of any relationship with claimant, claimant's testimony and the inferences which could reasonably be drawn from claimant's documentary evidence support the Board's finding that claimant contracted with the corporation to drive a radio-dispatched car. The corporation presented evidence to the contrary and argues that claimant's testimony is incredible. However, where, as here, claimant's testimony, including his explanation for the absence of more definitive documentary evidence, is not "replete with inconsistencies in the face of the unimpeached testimony of a number of impartial witnesses" (*Matter of Lewis v Cambridge Filter Corp.*, 132 AD2d 802, 803, *lv denied* 71 NY2d 805), there is no basis to disturb the Board's credibility determination (*see, Matter of Hall v Digiacomo*, 233 AD2d 643, 644, *lv dismissed* 89 NY2d 1029).

In workers' compensation cases involving radio-dispatched car services, the issue of whether an employer-employee relationship exists is often resolved by focusing on the control exercised by the particular service over its drivers (*see, e.g., Matter of Banful v Skyline Credit Ride*, 222 AD2d 871; *Matter of Weingarten v XYZ Two Way Radio Serv.*, 183 AD2d 964, *lv dismissed* 80 NY2d 924). We see no basis to disturb the Board's conclusion that the incidents of control, as described by claimant in his testimony, are sufficient to establish an employer-employee relationship (*see, Matter of Le Fevre v Tel-A-Car of N. Y.*, 198 AD2d 658). Although evidence presented by the corporation contradicted claimant's testimony, the issue was essentially one of credibility and the Board exercised its authority to accept claimant's testimony. In these circumstances, the Board's finding of an employer-employee relationship is supported by substantial evidence even though the corporation presented substantial evidence to support a contrary finding (*see, Matter of Le Myre v La Belle*, 127 AD2d 955, 957). Claimant's testimony also supports the Board's finding of an accident arising out of and in the course of employment. With regard to the corporation's claim that it did not have timely notice of the claim, the issue was not properly preserved for review (*see, Matter of Qavi v Utog 2-Way Radio, supra*).

Peters, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.