◼ In the Matter of the Claim of KEITH M. FISHER, Respondent, v SDAM MANAGEMENT, INC., et al., Appellants, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [727 NYS2d 724] —Rose, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed March 2, 2000 and November 3, 2000, which ruled that an employer-employee relationship existed between claimant and SDAM Management, Inc.

Claimant sustained injuries as a result of an automobile accident while employed as a taxicab driver and subsequently filed a claim for benefits. SDAM Management, Inc. controverted the claim contending, *inter alia*, that there was not an employee-employer relationship between it and claimant. At a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), claimant testified that he drove the taxi for Middletown Taxi and that when the cabs needed to be fixed, he brought them to John Lewis, who the record reveals to be a principal of SDAM. Although the WCLJ subpoenaed Lewis, he did not appear. The WCLJ ultimately concluded, *inter alia*, that an employer-employee relationship existed between claimant and Lewis and several of Lewis' business entities, including SDAM. The Board thereafter upheld the WCLJ's decision,

and SDAM and its workers' compensation carrier appeal. We determine that the Board's decision is supported by substantial evidence and affirm.

"The issue of whether an employer-employee relationship exists is a factual one for the Board to resolve and, if supported by substantial evidence, its decision must be upheld" (*Matter of Jhoda v Mauser Serv.*, 279 AD2d 853, 854; *see, Matter of Blair v Bailey*, 279 AD2d 941). In workers' compensation claims involving radio-dispatched car services, the issue whether such relationship exits depends on the control exercised by the particular service over its drivers (*see, Matter of Jhoda v Mauser Serv., supra*, at 854). The record establishes that SDAM's principal, Lewis, applied for the taxicab license for the vehicle that claimant was driving at the time of his accident. SDAM apparently also did business as Middletown Taxi, the entity that provided claimant with a cab and dispatched him to pick up his fares. In light of this evidence and Lewis' failure to appear and offer any evidence on this matter, we find no reason to disturb the Board's finding that an employer-employee relationship existed between SDAM and claimant.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.