■ In the Matter of the Claim of DANNY SIMONELLI, Appellant, v ADAMS BAKERY CORPORATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 358] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed May 12, 2000, which ruled that claimant was not an employee and denied his claim for workers' compensation benefits.

Claimant applied for workers' compensation benefits claiming to have been in the course of his employment as a bread deliverer for Adams Bakery Corporation at the time that he was involved in a motor vehicle accident. Adams opposed the application asserting that claimant was an independent contractor. The Workers' Compensation Board denied claimant's application on the ground that no employer-employee relationship existed. This appeal ensued.

Whether an employer-employee relationship exists is a factual issue for the Board to resolve and must be upheld if supported by substantial evidence (*see, Matter of Banful v Skyline Credit Ride*, 222 AD2d 871, 872). "Relevant factors to be considered in determining whether an employer-employee relationship exists are the right to control, the method of payment, who furnishes the equipment, the right to discharge and the relative nature of the work involved" (*Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684, 685 [citation omitted]).

Here, the record establishes that after responding to a newspaper advertisement for a distributor for a wholesale bread company, claimant complied with Adams' requirements that he be incorporated and provide a van for delivery of the bread. Claimant was solely responsible for any gas, mileage and maintenance of the van. His limited training consisted of once being shown his two bread delivery routes.

The time for deliveries was primarily fixed by the customers' schedules. Claimant displayed no Adams logo on either his clothing or van. Although claimant contacted Adams to adjust bread orders, his daily activities were not supervised. Claimant was free to expand his bread delivery routes, deliver other products and hire an associate at his own expense. Payments by Adams were made to claimant's corporation and his tax return indicated that he was self-employed.

We recognize that there exists an inconsistency between the finding here that claimant was not an "employee" for the purpose of workers' compensation and the Unemployment Insurance Appeal Board's finding that he was an "employee" for the purpose of collecting unemployment insurance benefits. However, "[i]t is settled law that an administrative determination under one statute is not binding on another agency when the same question arises under another statute" (*Matter of Kurzyna v Communicar, Inc.*, 182 AD2d 924, 925, *lv denied* 80 NY2d 754; *see, Matter of Savino v UTOG 2-Way Radio*, 215 AD2d 964; *Matter of Scott v Manzi Taxi & Transp. Co.*, 179 AD2d 949, *lv denied* 80 NY2d 752; *Matter of Dickstein v State Tax Commn.*, 67 AD2d 1033, 1034).*

Accordingly, while there exists evidence to support a contrary determination (*see, Matter of Blair v Bailey*, 279 AD2d 941, *lv dismissed* 96 NY2d 824), we find no basis upon which we would disturb the decision rendered by the Board.

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Although the Department of Labor "is the technical parent agency of the Workers' Compensation Board[, i]n practice, the Board is autonomous" (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 2, at 19) and the Commissioner of Labor is without jurisdiction to direct, review, modify or reverse any decision or finding of the Board (*see,* Workers' Compensation Law § 142 [4]; § 155).