■ In the Matter of the Claim of PANAGIOTIS MIHALARIS, Respondent, v UTOG 2-WAY RADIO, INC., et al., Appellants, and AUGIE's AUTO REPAIR, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [749 NYS2d 599] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 2001, which ruled that claimant was an employee of UTOG 2-Way Radio, Inc.

Claimant, a limousine driver, leased the vehicle he used from Augie's Auto Repair, Inc. (hereinafter Augie) and was dispatched to service customers by UTOG 2-Way Radio, Inc. (hereinafter UTOG). While stopped to elicit directions during the course of his work, he was assaulted and, as the vehicle was being stolen, he was dragged from the moving vehicle. He sustained serious injuries in the incident and filed a claim for workers' compensation benefits. The Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant was a general employee of Augie and a special employee of UTOG. Liability was apportioned at 75% against Augie and 25% against UTOG.[1] The Workers' Compensation Board modified the WCLJ's decision by rescinding the finding of general and special employment and further finding that claimant was an employee of only UTOG. The Board's decision to discharge Augie was specifically premised upon its interpretation of Workers' Compensation Law § 2 (4) as requiring that "a lessee of a taxicab shall only be deemed an employee of the lessor/owner of that taxicab if the lessor/owner controls, directs, supervises or has the power to hire or terminate such person." UTOG and its workers' compensation carrier appeal.

1. Apportioning responsibility between a general employer and a special employer has been approved within the context of a workers' compensation claim (*see Matter of Kemp v City of Hornell*, 250 AD2d 950).

UTOG and its carrier argue that the Board's decision incorrectly interpreted and applied the provisions of the Workers' Compensation Law pertaining to taxicab drivers.[2] The employment relationship as it pertains to taxicab drivers was broadly defined in legislation (L 1986, ch 903) "designed to resolve a perceived social problem relating to taxicab drivers by creating a statutory employment relationship requiring expanded workers' compensation coverage" (*Matter of Clumber Transp. Corp. [Workers' Compensation Bd.]*, 160 AD2d 1186, 1186). Under the germane portion of the statute, an "employer" includes a person or entity who leases a taxicab (*see* Workers' Compensation Law § 2 [3]) and, concomitantly, an "employee" includes "a driver, operator or lessee who contracts with an owner, operator or lessor for the purpose of operating a taxicab" (Workers' Compensation Law § 2 [4]). An exception from the statutorily established employment relationship applies when the owner of the vehicle personally operates the taxicab an average of at least 40 hours per week and, in such a situation, the employment relationship turns on whether the owner-operator "controls, directs, supervises, or has the power to hire or terminate" (Workers' Compensation Law § 2 [3], [4]). The statutory language clearly reflects the legislative intent to provide broad workers' compensation coverage to taxicab drivers and there is no need to defer to the Board's interpretation (*see Matter of De Mayo v Rensselaer Polytech Inst.*, 74 NY2d 459, 462; *see also Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583; *Matter of Depczynski v Adsco/Farrar & Trefts*, 84 NY2d 593, 598).[3]

Here, the Board read the statute as providing that a driver who leased a taxicab was an employee only if the owner controlled the driver's work. The statutory language, however, looks to control-related factors only when the owner also drives the taxicab 40 or more hours per week. The Board did not find that Augie drove the limousine 40 or more hours per week. Hence, under the clear statutory language, claimant could have been considered am employee of Augie without a showing of the control-related factors. While the employer-employee relationship is a factual issue for the Board (*see Matter of Jhoda v*

---

**2.** The term "taxicab" in Workers' Compensation Law § 2 (3) and (4) incorporates the definition from Vehicle and Traffic Law § 148-a, and the parties do not dispute that such definition encompasses claimant's activities as a limousine driver.

**3.** Indeed, the interpretation of the statute adopted by the Board and accepted by this Court in *Matter of Clumber Transp. Corp. (Workers' Compensation Bd.) (supra)* appears contrary to the interpretation utilized by the Board in the current matter.

*Mauser Serv.*, 279 AD2d 853, 854) and the Board can allocate employment status totally to the dispatcher in a leased-vehicle situation (*see Matter of Qavi v Utog 2-Way Radio*, 252 AD2d 719), the Board cannot rest its determination to discharge a lessor upon an incorrect application of the controlling statute. The matter must, therefore, be remitted to the Board for a determination consistent with the controlling statute.

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the decision is reversed, on the law, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.