■ In the Matter of the Claim of VEGUERRE OLISTIN, Respondent, v WINSTON WELLINGTON et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [770 NYS2d 470]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 8, 2002, which ruled, inter alia, that claimant was an employee of Winthrop Car Service and awarded him workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits as a result of injuries sustained in a January 6, 1995 automobile accident while working as a driver for Winthrop Car Service, a radio-dispatched car service. Claimant testified at an April 23, 1998 hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) and Winthrop was given a final opportunity to present witnesses at a hearing scheduled for July 9, 1998. Winthrop's attorney obtained an adjournment to October 15, 1998, but did not appear on that date or at a subsequent January 27, 1999 hearing, prompting the WCLJ to rule on both occa-

sions that Winthrop would be precluded from presenting the testimony of any witnesses. At a May 6, 1999 hearing, Winthrop's attorney sought to vacate the order of preclusion on the ground of excusable neglect. The WCLJ denied this request and found that an employer-employee relationship existed between claimant and Winthrop, awarding him benefits. The Workers' Compensation Board affirmed the WCLJ's decision, resulting in this appeal by Winthrop.

Initially, we find no abuse of discretion in the WCLJ's May 6, 1999 denial of Winthrop's request to vacate the order precluding it from presenting the testimony of its witnesses. While claiming "excusable negligence," Winthrop's attorney provided absolutely no explanation for Winthrop's failure to appear at either the October 15, 1998 or the January 27, 1999 hearings (*see* 12 NYCRR 300.10 [b]; *Matter of Slack v Livingston-Wyoming ARC*, 294 AD2d 716, 717 [2002], *lv dismissed* 98 NY2d 727 [2002]).

We also affirm the Board's finding of an employment relationship. Claimant testified that he owned his own vehicle and paid for gas and repairs, but that Winthrop provided him with a sign to put in his vehicle which displayed Winthrop's telephone number. He stated that he received calls in his vehicle on a radio provided by Winthrop from Winthrop's dispatcher concerning passengers he was to transport as well as the fares he was to charge, and was not permitted to pick up passengers on the street or from other car service companies. He further stated that he paid Winthrop a weekly fee of $80, but was paid by Winthrop on a weekly basis for fares collected. The foregoing reveals that Winthrop exercised a sufficient degree of control over claimant's day-to-day work activities to establish the existence of an employment relationship (*see e.g. Matter of Qavi v Utog 2-Way Radio*, 252 AD2d 719 [1998]; *Matter of Banful v Skyline Credit Ride*, 222 AD2d 871 [1995]; *Matter of Weingarten v XYZ Two Way Radio Serv.*, 183 AD2d 964, 965 [1992], *lv dismissed* 80 NY2d 924 [1992]). Accordingly, inasmuch as substantial evidence supports the Board's decision, we decline to disturb it (*see Matter of Mehar v Skyline Credit Ride*, 301 AD2d 808, 808 [2003]; *Matter of Weingarten v XYZ Two Way Radio Serv., supra*).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.