■ In the Matter of the Claim of LOUIS COLIN, Appellant, v EXPRESS PRIVATE CAR & LIMOUSINE SERVICE, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [791 NYS2d 690]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 2003, which, inter alia, ruled that claimant was not an employee of Express Private Car & Limousine Service, Inc.

Claimant, a for-hire driver, was involved in an automobile accident on June 20, 1997 while en route to pick up a passenger. Yolette Kernisan, who had no driver's license, was the owner of the vehicle that claimant was driving at the time of the accident and claimant had been dispatched to the call by Express Private Car & Limousine Service, Inc. As a result of injuries sustained in the accident, claimant filed a claim for workers' compensation benefits and named Express as his employer. Following a hearing, a Workers' Compensation Law Judge found, among other things, that claimant was an employee of Express, but not of Kernisan. The Workers' Compensation Board reversed with respect to Express and ruled that claimant was an independent contractor. Claimant now appeals contending that he was an employee of Kernisan and Express.

Considering first Kernisan, we note that the Board analyzed the employment issue by looking to whether Kernisan exercised control over claimant. However, since she owned the vehicle and did not personally operate it for at least 40 hours per week, control was not the proper standard (*see Matter of Mihalaris v UTOG 2-Way Radio*, 299 AD2d 677, 678 [2002]; *see also* Workers' Compensation Law § 2 [3]). Indeed, if she leased or contracted the vehicle to claimant under such circumstances, she could be considered an employer without a showing of control (*see Matter of Mihalaris v UTOG 2-Way Radio, supra* at 678). Kernisan testified that claimant was her partner and, although title to the vehicle was in her name, it was registered, insured and licensed in claimant's name. The Board made no factual determination whether there was a lease or contract between Kernisan and claimant or whether some other relationship existed. Such a determination is essential under the facts of this claim and, accordingly, the matter must be remitted for further consideration by the Board.

Turning to Express, where a workers' compensation claim involves a radio-dispatched car service, the control that the car service exercises over its drivers is a relevant consideration in determining the existence of an employment relationship (*see Matter of Mehar v Skyline Credit Ride*, 301 AD2d 808, 809 [2003]; *Matter of Fisher v SDAM Mgt.*, 284 AD2d 845, 846 [2001]). Whether an employment relationship exists is a factual issue for the Board to resolve, and its determination must be upheld if supported by substantial evidence (*see Matter of Jhoda v Mauser Serv.*, 279 AD2d 853, 854 [2001]). Here, evidence was adduced establishing, among other things, that the drivers who worked for Express supplied their own vehicles and paid their own expenses, were permitted to work for other dispatch

companies and to turn down fares referred by Express, and were required to tender a $600 deposit for the radio supplied by Express. In this case, Kernisan paid most of the expenses of the vehicle leased by claimant, including the $600 deposit. Consequently, substantial evidence supports the Board's finding that claimant did not have an employment relationship with Express. Nevertheless, in view of our disposition regarding Kernisan, the matter must be remitted to the Board for further proceedings.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is modified, on the law, without costs, by reversing so much thereof as found that claimant was not an employee of Yolette Kernisan; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.