Matter of Joseph v Atelier Consulting LLC (2018 NY Slip Op 00218)





Matter of Joseph v Atelier Consulting LLC


2018 NY Slip Op 00218


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

525170

[*1]In the Matter of the Claim of BRAD JOSEPH, Claimant,
v
ATELIER CONSULTING LLC, Appellant, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Dahan & Nowick LLP, White Plains (David R. Taxin of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed September 20, 2016, which ruled, among other things, that claimant was an employee of Atelier Consulting LLC.
Claimant, a construction worker, filed a claim for workers' compensation benefits after he slipped and fractured his right foot at a construction site, listing George Villar/Atelier
Consulting LLC as his employer and Rick Mullady as his supervisor. An investigation by the Workers' Compensation Board's Bureau of Compliance determined that Atelier, having reported that it had no employees, was listed as exempt from coverage and, therefore, had no workers' compensation coverage in place at the time of the accident. In addition to finding jurisdiction over Atelier and Villar, a subsequent investigation into which contractors were at the construction site, as well as an attempt to locate Mullady, resulted in jurisdiction and notice being sent to Recony Construction LLC — although Recony never appeared at any subsequent hearings. Following a hearing at which only claimant and a representative of Omega Construction Group, Inc., the general contractor, testified, the Workers' Compensation Law Judge determined that an employer-employee relationship existed between Atelier and claimant at the time of the accident, and that Omega was the general contractor and, therefore, responsible [*2]for the payment of workers' compensation awards, and imposed against Atelier a penalty of $36,000 for failing to secure workers' compensation insurance during the period that claimant was employed. The Workers' Compensation Board affirmed that decision. Atelier appeals.
We affirm. "Whether an employer-employee relationship existed presents a factual issue for the Board, and its determination thereof will not be disturbed if supported by substantial evidence in the record" (Matter of Pelaez v Silverstone, 93 AD3d 1042, 1042 [2012] [internal quotation marks and citations omitted], lv dismissed and denied 19 NY3d 954 [2012]). "In making this determination, relevant factors include the right to control the work, the method of payment, the right to discharge and the relative nature of the work" (Matter of Mendoza v Dolgetta, 81 AD3d 1043, 1044 [2011] [internal quotation marks and citation omitted]).
Initially, we find no error in the Board's refusal to consider Villar's affidavit denying any employment relationship. Villar submitted the affidavit and refused to appear at the hearing, either in person or by telephone, alleging that claimant had threatened him. Even if Villar could substantiate such a claim, he failed to avail himself of appropriate security accommodations in order for his testimony to be secured, effectively and impermissibly abrogating the parties' rights to cross-examine him [FN1]. Under such circumstances, we find no abuse of the Board's discretion in refusing to consider the affidavit (see 12 NYCRR 300.10 [b]; Matter of Curtis v Xerox, 66 AD3d 1106, 1108 [2009]; Matter of Olistin v Wellington, 3 AD3d 618, 619 [2004]).
Turning to the merits, claimant testified that he had been hired by Mullady and worked at the construction site for about a year before the accident. Claimant explained that he identified Villar as his employer on his claim form because Mullady had informed him during his employment that Villar was the boss. Claimant testified that he witnessed Villar give cash to Mullady in order to pay claimant and others at the job site. Claimant also testified that if he had questions about the work assigned by Mullady or his supervisor, he would ask either of them or Villar, who was occasionally at the work site. According to claimant, Villar told him after the accident that he would pay the medical bills. Claimant was familiar with Villar as he had worked directly for him at various other work sites. With regard to testimony from the Omega representative, he testified that Omega performed construction management services at the construction site and obtained the construction permit for the project listing itself as the general manager. Other than indicating that Omega was paid for its services by Villar, the representative was unable to provide any further information regarding any contractors working at the construction site. Given the uncontroverted testimony of claimant, we find that the Board's decision that claimant was employed by Atelier is supported by substantial evidence (see Matter of Olistin v Wellington, 3 AD3d at 619).
McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: In addition, Villar indicated that he was unable to attend the hearing on July 22, 2015 because he needed to attend to his mother's discharge from the hospital. Nevertheless, Villar failed to appear at subsequent hearings or provide requested documentation to substantiate his assertion of unavailability.