## (February 20, 1963)

■ In the Matter of the Claim of RUTH MCMAINS, Respondent, v. TRANS WORLD AIRLINES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of death benefits. The sole issue on this appeal is the jurisdiction of the New York State Board. The employer maintains an operations division headquarters at Kansas City, Missouri. It also maintains offices in New York City and at various airports, including Idlewild. Decedent was employed as a pilot at Kansas City in 1941, and was assigned to various bases designated by the employer as "domiciles", a domicile being the place from which a pilot flew and to which he returned. In 1950 decedent was assigned to a New York "domicile" operating on domestic flights from La Guardia Airport. On June 1, 1951 he was assigned to the employer's base at Idlewild and operated on international flights which originated at Idlewild. He continued to work directly for the employer out of Idlewild until 1955, when he volunteered to a special assignment to Lufthansa Airlines, a German line with offices at Hamburg, Germany, as a supervising pilot pursuant to a contractual arrangement between Lufthansa and Trans World Airlines. He continued in the employ of T. W. A., however, at all times until his death. On January 11, 1959, while on a flight for Lufthansa, decedent was killed in a crash near Rio de Janeiro, Brazil. The flight schedules and plans of Lufthansa were made up in Hamburg but were transmitted to Idlewild where decedent usually received them. In September, 1951, decedent established a residence in Connecticut which he maintained until his death. When he left home for work he reported to Idlewild, and when he left work he left from Idlewild. A mailbox was maintained for him at the employer's hangar at Idlewild. Practically all of his flights originated there. If he elected to end his services with Lufthansa he would be returned to the Idlewild "domicile", which was considered permanent by the employer. It does not appear that the Kansas City office of the employer gave decedent any detailed instructions or exercised any detailed control over him while he was operating

out of New York. In fact, decedent was subject to very little control by anyone except for flight schedules which were prepared by Lufthansa. There is no hard and fast rule for determining jurisdiction applicable to all cases. "But at all times the determination as to the employment's location is governed by the facts of the particular case." (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199, 201.) Certainly this case is unusual. The employment could hardly be more transitory. Though decedent moved from country to country with jet speed it is a fair conclusion from the record that his "home base" was New York. Under the circumstances, the fact that he was hired in Kansas City many years ago and that his pay checks emanated from there should not alone be controlling. The employment had substantial connection with New York State, and the board was justified in determining on the facts that it had jurisdiction to make the award. (*Matter of Nashko* v. *Standard Water Proofing Co., supra.*) Decision and award affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.