■  In the Matter of the Claim of JAMES DIEMOND, Respondent, v. ITHACA FIRE DEPARTMENT et al., Appellants, and CITY OF ITHACA, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Ithaca Fire Department, a volunteer fire company, and its insurance carrier from a decision of the Workmen's Compensation Board holding that claimant's claim was properly indexed as a claim under the Volunteer Firemen's Benefit Law. On January 8, 1969 claimant, a paid city fireman of the City of Ithaca, was injured while acting in the capacity of a volunteer fireman for the respondent Ithaca Fire Department. Subsequently, claimant filed for benefits under the Volunteer Firemen's Benefit Law. The board upheld the indexing of the claim as a volunteer claim and the instant appeal ensued. Appellants assert that because claimant was also a paid city fireman he could not be a volunteer fireman within the meaning of section 3 of the Volunteer Firemen's Benefit Law, even though at the time of the accident he was serving as a volunteer, citing several opinions of the State Comptroller (1969 Op. St. Compt. 331; 1963 Op. St. Compt. 336; 1962 Op. St. Compt. 429; 1960 Op. St. Compt. 487). These opinions not only do not support appellants' position on the facts of the instant case, but

in his 1969 opinion (1969 Op. St. Compt. 331, 333) the Comptroller concluded that "if, as a matter of fact, it can be determined that the injury in question occurred while the individual was acting as a volunteer fireman, then he would be entitled to benefits under the Volunteer Firemen's Benefit Law" and all parties stipulated that claimant was acting in the capacity of a volunteer when he was injured. Moreover, we can find no legal or policy reason, as long as the facts support claimant's status as a volunteer, that claimant should be denied a remedy under the Volunteer Firemen's Benefit Law. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., 'Greenblott, Simons, Kane and Reynolds, JJ., concur.