HON J. OTTO WILLIAMS Corporation Counsel, Newburgh
We acknowledge receipt from Assistant Corporation Counsel Rones of a letter inquiring whether a member of the paid fire department of the City of Newburgh also may be a volunteer fireman of another municipality and also whether the City of Newburgh may prohibit paid members of its fire department from engaging in another business or employment and prohibit outside activities by a paid member of its fire department such as activity as a volunteer fireman.
It was held in Matter of the Claim of James Diemond v. IthacaFire Department, et al., 39 A.D.2d 979 (1972), that a person may be both a paid and a volunteer member of the same fire department and if injured while performing duties as a volunteer fireman, the person would be entitled to receive benefits under the Volunteer Firemen's Benefit Law. We perceive no reason to conclude that the result would be different if the volunteer firemanic activity were for a different municipality.
In our opinion, a member of a paid fire department may be a volunteer fireman of another municipality.
In an opinion reported in 1947 Op. Atty. Gen. [Inf.] 106, we concluded that the rules of a city fire department may bar outside employment or business by employees of the fire department. A copy of that opinion is enclosed for your convenience. However, that opinion must now be modified because of the Laws of 1971, Ch. 963, which provides:
 "Notwithstanding the provisions of any general, special or local law or any rule or regulation to the contrary, no county, city, town, village or fire district shall, as a condition of employment, prohibit, restrict, regulate, limit or seek to control the membership and activities in a volunteer fire company or department, including service as an officer, of any of its officers, employees or personnel during any period of time when they are not actually engaged in the performance of the regular duties of their employment or actually recalled for emergency service or duty in such employment."
In our opinion, a municipality may place reasonable restrictions upon occupations and activities of its paid firemen during their off-duty hours, but may not prohibit, restrict, regulate, limit or seek to control the membership and activities in a volunteer fire company or department, including service as an officer, of any of its officers, employees or personnel.