■ In the Matter of the Claim of ELIZABETH GALLAGHER, on Behalf of THOMAS GALLAGHER, Appellant, v HOULIHAN LAWRENCE REAL ESTATE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [686 NYS2d 212] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed May 7, 1997, which, *inter alia*, ruled that claimant's decedent was not an employee and denied her claim for workers' compensation benefits.

Decedent, a licensed real estate agent, died as the result of an automobile accident in July 1995. Claimant, decedent's wife, applied for workers' compensation benefits on the ground that decedent was an employee of the real estate firm where he worked at the time of his death. Following a brief hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), relying upon the provisions of an agreement between decedent and the real estate firm designating him an independent contractor, disallowed the claim. Claimant appealed to the Workers' Compensation Board arguing that the record required further development on the issue of an employer-employee relationship. The Board affirmed the WCLJ's decision and this appeal ensued.

Initially, we note that whether an employer-employee relationship exists is a factual issue for the Board to resolve and its finding must be upheld if supported by substantial evidence (*see, Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684, 685). The factors relevant to the determination include the right of control over the work, the method of payment, the furnishing of equipment, the right of discharge and the nature of the work involved (*see, id.*). The mere fact that a contract designates a party as an independent contractor is not dispositive of the issue (*see, Matter of G. Fried Westbury [Sweeney]*, 239 AD2d 677).

In this case, the WCLJ based his finding solely upon the terms of the independent contractor agreement and the testimony of the real estate firm's vice-president concerning the agreement. Claimant's attorney stated on the record that

the contract did not establish that decedent was an independent contractor, however, before any further inquiry, the WCLJ made his ruling and closed the hearing. Claimant's attorney took an exception. Since it appears that the record was closed without the opportunity to present further evidence as to the other factors relevant to an employer-employee relationship, the matter must be remitted to the Board for further development of the record on this issue (*compare, Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757).

Mikoll, Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.