In the Matter of the Claim of JOHN STAMOULIS, Appellant, v ANORAD CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 754] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 2, 2000, which ruled that claimant was an independent contractor and denied his claim for workers' compensation benefits.

Beginning in 1990, claimant, a carpenter, worked as foreperson for a contractor on the construction of an extension to the personal residence of Anwar Chitayat, the principal shareholder and chair of the board of Anorad Corporation. In June 1991, the contractor left the job and Chitayat asked claimant to continue working on the project to close in and winterize the extension. They entered into a written agreement covering a two-week period in July 1991 whereby claimant was to be paid $1,150 per week, provide his own tools and pay his own taxes. Claimant thereafter continued working and was paid either by personal check from Chitayat or corporate check from Anorad. Anorad, however, had no interest in the property and its checks were used as a matter of convenience to Chitayat, who reimbursed Anorad. Chitayat paid for all materials and, when additional help was required, claimant hired and directed the workers while Chitayat paid them. In addition to the extension, claimant also performed some renovation work in the existing portion of the residence.

Claimant suffered a heart attack on the job in August 1991. He returned to work, but ultimately stopped working as a result of his heart condition in February 1992. Although the Internal Revenue Service concluded that claimant was an employee of Chitayat for income tax purposes, the Workers' Compensation Board concluded that claimant was an independent contractor and denied his claim for workers' compensation benefits. Contending that he was an employee, claimant appeals.

"[W]hether an employer-employee relationship exists is a factual issue for the Board to resolve and its finding must be upheld if supported by substantial evidence * * *. The factors relevant to the determination include the right of control over the work, the method of payment, the furnishing of equipment,

the right of discharge and the nature of the work involved * * *" (*Matter of Gallagher v Houlihan Lawrence Real Estate,* 259 AD2d 853, 853 [citations omitted]). Chitayat's testimony demonstrated that neither he nor his architect directed or controlled the manner in which claimant performed the work and that claimant was paid weekly for work performed with no employee benefits. In addition, claimant used his own tools or tools left on the job by the original contractor. Considering this evidence, together with the nature of the work and the circumstances surrounding claimant's agreement to continue the project, we conclude that the Board's decision is supported by substantial evidence. To the extent that claimant's testimony contradicted that of Chitayat, resolution of credibility issues are the exclusive province of the Board (*see, e.g., Matter of Sanders v Nyack Hosp.,* 277 AD2d 829). Neither the finding of an employer-employee relationship by a different administrative agency under a different statute nor the existence in the record herein of substantial evidence of an employer-employee relationship provides a basis to disturb the Board's decision (*see, Matter of Simonelli v Adams Bakery Corp.,* 286 AD2d 805).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.