◼ In the Matter of the Claim of JAMES TOPPER, Respondent, v AL COHEN'S BAKERY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [744 NYS2d 260] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed May 15, 2001, which ruled that claimant was an employee of Al Cohen's Bakery and awarded workers' compensation benefits.

Claimant applied for workers' compensation benefits asserting that he was injured in a motor vehicle accident during the course of his employment as a delivery person for Al Cohen's Bakery (hereinafter Cohen). Cohen controverted the claim, contending that claimant was an independent contractor and not an employee. Following a hearing on the issue, a Workers' Compensation Law Judge held that claimant was an employee of Cohen and awarded benefits. Upon review, the Workers' Compensation Board affirmed this determination and Cohen and its workers' compensation carrier now appeal.

We affirm. The existence of an employer-employee relationship is a factual issue for the Board to resolve and its finding must be upheld if supported by substantial evidence (*see, Matter of Stamoulis v Anorad Corp.*, 292 AD2d 657, 657-658; *Matter of Jhoda v Mauser Serv.*, 279 AD2d 853, 854). The factors relevant to such a finding include the right to control the work, the method of payment, which party furnishes the equipment, the right to discharge and the relative nature of the work at issue (*see, Matter of Stamoulis v Anorad Corp.*, *supra* at 657-658; *Matter of Gallagher v Houlihan Lawrence Real Estate*, 259 AD2d 853; *Matter of Winglovitz v Agway*, 246 AD2d 684, 685).

Here, claimant's testimony established that he purchased his route from a retiring delivery person and initially delivered products as an independent contractor. In 1994, however, Cohen was purchased by the current owners, who voided all existing agreements. Claimant commenced working for them exclusively after executing an agreement recognizing that he could be terminated with three days' notice. Claimant stated that the new owners set prices from which he could not deviate, restricted his sales to a specific geographic territory, compelled him to order and carry at least one of every item for which he had to pay regardless of whether the items sold, and demanded that he make deliveries to a certain customer at a specific time. Moreover, he was no longer permitted to sell and deliver products from other companies and was confined to vending Cohen's merchandise. When claimant was injured, an owner of Cohen covered claimant's delivery route for at least one day and hired a replacement to cover the route thereafter.

Although evidence presented by Cohen contradicted claimant's testimony and established that claimant owned and maintained his delivery vehicle and paid the salary of his replacement from his corporation, which received all payments from Cohen, the Board was entitled to resolve the conflicting evidence based upon its assessment of the witnesses' credibility and the reasonable inferences drawn therefrom (*see, Matter of Phillips v Cornell Univ.*, 290 AD2d 860; *Matter of Myers v Eldor Contr. Co.*, 270 AD2d 671, 672). Accordingly, we conclude that the Board's finding of an employer-employee relationship is supported by substantial evidence, despite the existence of evidence supporting a contrary result (*see, Matter of Jhoda v Mauser Serv., supra* at 854; cf., *Matter of Simonelli v Adams Bakery Corp.*, 286 AD2d 805, *lv dismissed* 98 NY2d 671).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.