◼ In the Matter of the Claim of Robert Singleton, Appellant, v Santo Angora, Respondent. Workers' Compensation Board, Respondent. [750 NYS2d 339] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed May 21, 2001, which ruled that claimant was not an employee of Santo Angora and disallowed his claim for workers' compensation benefits.

On January 2, 1998, claimant was involved in an automobile accident in the City of Rochester, Monroe County, while operat-

---

ing a taxicab which he owned. At the time of the accident, he was using a medallion, issued to Santo Angora by the City of Rochester. Claimant leased the medallion, which authorizes the operation of a taxicab within the City of Rochester, from Angora for $100 per month. Thereafter, he filed a claim for workers' compensation benefits and asserted, inter alia, that he was a statutory employee of Angora under Workers' Compensation Law § 2 (3), (4) and (5). Following a hearing, a Workers' Compensation Law Judge found the absence of an employer-employee relationship and disallowed the claim. The Workers' Compensation Board upheld this decision, resulting in this appeal.

Workers' Compensation Law § 2 (3), as amended by the Laws of 1986 (ch 903, § 3), provides that the term "employer" includes "a person, partnership, association, or corporation who leases or otherwise contracts with an operator or lessee for the purpose of driving, operating or leasing a taxicab * * * except where such person is an owner-operator of such taxicab who personally regularly operates such vehicle an average of forty or more hours per week and leases such taxicab for some portion of the remaining time." That statutory subdivision further provides that "such an owner-operator shall be deemed to be an employer if he [or she] controls, directs, supervises, or has the power to hire or terminate such other person who leases the vehicle" (Workers' Compensation Law § 2 [3]).*

Whether an employer-employee relationship exists in a particular situation presents a factual issue within the province of the Board and its determination must be upheld where, as here, it is supported by substantial evidence (*see Matter of Weingarten v XYZ Two Way Radio Serv.*, 183 AD2d 964, 965, *lv dismissed* 80 NY2d 924). In *Matter of Clumber Transp. Corp. (Workers' Compensation Bd.)* (160 AD2d 1186), this Court recognized that an employer-employee relationship may be created within the meaning of Workers' Compensation Law § 2 (3), (4) and (5), as amended by the Laws of 1986 (ch 903), based upon the leasing of taxi medallions to taxicab drivers who own and operate their own taxicabs. However, neither that decision nor the statutory language and legislative history

* Workers' Compensation Law § 2 (4), as amended by the Laws of 1986 (ch 903, § 4), similarly provides that, for purposes of that chapter, " 'employee' shall also mean a driver, operator or lessee who contracts with an owner, operator or lessor for the purpose of operating a taxicab * * * except where such person leases the taxicab from a person who personally, regularly operates such vehicle an average of forty or more hours per week" (*see* Workers' Compensation Law § 2 [5], as amended by L 1986, ch 903, § 5 [defining employment]).

of the amendment suggest, much less compel, the conclusion that the isolated leasing of a single taxi medallion by one taxi driver to another by itself, as occurred here, automatically creates a statutory or common-law employer-employee relationship.

In *Matter of Clumber Transp. Corp. (Workers' Compensation Bd.) (supra)*, this Court upheld two Board decisions imposing fines for failure to procure workers' compensation insurance on two closely-held corporations which were in the business of leasing taxicab medallions, finding that leasing of taxicab medallions was included in the broad language of the newly defined statutory relationship. We are mindful of the remedial purpose of workers' compensation legislation (*see Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 250-251) and of the legislative intent underlying these amendments in resolving a perceived societal problem relating to taxicab drivers (*see Matter of Clumber Transp. Corp. [Workers' Compensation Bd.], supra* at 1186). However, we hold that application of the statutory amendments as a whole—which are both broad and vague—supports the Board's conclusion that the sole fact that Angora leased a single medallion to claimant did not create an employment relationship. Further, the record establishes that Angora did not control, direct, supervise or have the power to terminate or hire claimant as required for Angora to be "deemed to be" claimant's employer (Workers' Compensation Law § 2 [3] [last sentence of first paragraph]). Therefore, we perceive no basis upon which to disturb the Board's decision.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.