■ In the Matter of the Claim of DYLAN TAYLOR, Respondent, v ROBERT E. KRANICHFELD, Appellant, and EASTERN MUTUAL INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [769 NYS2d 335]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed June 27, 2002, which ruled, inter alia, that an employer-employee relationship existed between claimant and Robert E. Kranichfeld.

Robert E. Kranichfeld enjoys the rent-free use and occupation of Sunnycrest Farm, real estate owned by his father and his father's two siblings. According to Kranichfeld's testimony, he maintains a herd of approximately 35 cattle and raises hay and corn on the premises for use as fodder. On December 19, 1998, claimant, who was then 15 years of age, suffered multiple fractures to his right arm when his glove caught in a spinning shaft while he was using a tractor to unload corn silage from a wagon at the farm. In controverting this workers' compensation claim, Kranichfeld asserted that (1) no employer-employee relationship existed, (2) since the farm was not operated for pecuniary gain, claimant's work was not covered employment, and (3) if an employment relationship existed, claimant's injury was covered under a farm owner's policy issued by Eastern Mutual Insurance Company (hereinafter the carrier). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) held that claimant was an employee of Kranichfeld, Kranichfeld did not have workers' compensation coverage in violation of Workers' Compensation Law § 50, and the carrier was not liable. Kranichfeld and the Uninsured Employers Fund filed applications for review. The Workers' Compensation Board sustained the WCLJ's determination, and Kranichfeld now appeals.

"Whether an employer-employee relationship exists in a particular situation presents a factual issue within the province of the Board and its determination must be upheld where . . . it is supported by substantial evidence" (*Matter of Singleton v Angora*, 299 AD2d 620, 621 [2002] [citation omitted]; *Matter of Weingarten v XYZ Two Way Radio Serv.*, 183 AD2d 964, 965 [1992], *lv dismissed* 80 NY2d 924 [1992]). In making such a determination, consideration is given to, among other things, the employer's right to control the work, the method of payment, the employer's right to discharge and whether the person's schedule was set by the alleged employer or the person worked at his or her convenience (*see Matter of Local 54 United Paperworkers Intl. Union v Commissioner of Labor*, 301 AD2d 922, 923 [2003]).

Kranichfeld contended that his relationship with claimant was akin to family and that he gave claimant an "allowance" for doing "chores." Both claimant and Kranichfeld testified, however, that commencing in 1993, when claimant was 10 or 11 years of age, Kranichfeld would transport him to the farm on Friday evening and return him either Sunday evening or Monday morning at least 75% of the weekends annually. At his premises, Kranichfeld would prepare a list of work to be ac-

complished that weekend and claimant would perform various tasks, including painting, mowing, planting corn, mucking barnyards, unloading wagons and feeding cattle. Claimant was usually compensated $60 per weekend, although, from time to time, depending on differing factors, payment could be as low as $30 or as high as $100. Claimant worked from 8 to 16 hours per weekend, using Kranichfeld's equipment and performing the tasks that Kranichfeld directed him to perform. On the date of the accident, he was using Kranichfeld's equipment at Kranichfeld's direction to unload the silage. Neither party kept records of the cash payments nor was Social Security or income tax deducted from the payments. We conclude on the basis of this record that substantial evidence supports the Board's determination that an employer-employee relationship existed and that claimant was Kranichfeld's farm employee.

We further conclude, based on Kranichfeld's testimony that he had sold cattle from the farm in the past and contemplated selling cattle in the future, that there is substantial evidence to support the Board's finding that claimant was employed in a "trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith" (Workers' Compensation Law § 2 [5]). Moreover, Workers' Compensation Law § 3 (1) (Group 14-b) provides, in relevant part, that: "[a] farmer shall provide coverage under this chapter for all farm laborers employed during any part of the twelve consecutive months beginning April first of any calendar year preceded by a calendar year in which the cash remuneration paid to all farm laborers aggregated twelve hundred dollars or more." As the record supports the conclusion that claimant earned in excess of this amount during the applicable statutory period, Kranichfeld was required to provide workers' compensation coverage.

Lastly, the carrier was properly discharged from the case. Its policy unambiguously excludes coverage resulting from bodily injury to a farm employee. Consequently, Kranichfeld's reliance on those provisions of the policy which extend workers' compensation benefits to "Certain Residence Employees" is inapplicable.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.