■ In the Matter of the Claim of MARZENA BUGAJ, as Widow of DARIUSZ BUGAJ, Deceased, Respondent, v GREAT AMERICAN TRANSPORTATION, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [798 NYS2d 529]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 24, 2003, which ruled, inter alia, that an employer-employee relationship existed between decedent and Great American Transportation, Inc.

Decedent, a New York resident and commercial truck driver, died on June 2, 1997 when the truck he was driving struck a bridge over an interstate highway in Arkansas. Claimant, his widow, submitted a claim for workers' compensation benefits on behalf of herself and their children. Following the first of sev-

eral proceedings, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision that jurisdiction was established over Great American Transportation, Inc. (hereinafter GAT) by the personal appearance of GAT's vice president. At the conclusion of proceedings, a WCLJ found, among other things, that subject matter jurisdiction over GAT was established, as was the employer-employee relationship between GAT and decedent. The Workers' Compensation Board affirmed the decision of the WCLJ upon GAT's administrative appeal. GAT now appeals from the decision of the Board, and we affirm.

Evidence in the record reveals that GAT was a Connecticut corporation, with its sole office located in Hartford, Connecticut. The truck that decedent was driving at the time of the fatal accident was one of two trucks owned by a New York resident, Marek Paluch. GAT leased the trucks from Paluch, and GAT's name was displayed on the trucks. GAT acted as a broker, obtaining loads to be shipped and dispatching drivers to transport them in the leased trucks. GAT forwarded 80% of the fee for transporting a load to Paluch, and Paluch sent weekly paychecks to decedent, the amounts of which were calculated upon the number of miles decedent had driven. While Paluch maintained the truck and periodically spoke with decedent to determine the number of miles he had driven, Paluch exercised no control over the truck, decedent, his assignments, or any aspect of his work.

GAT challenges the finding of subject matter jurisdiction on the ground that significant contacts between decedent's employment and New York are lacking. GAT contends that it is a Connecticut corporation with its only office located in that state, that it conducts no business or banking in New York, and that all of its contacts with decedent occurred in Connecticut. "When a claimant seeks compensation for an injury sustained outside of New York, the Board possesses subject matter jurisdiction over that claim if sufficient significant contacts between the claimant's employment and the state are found to exist" (*Matter of Sanchez v Clestra Cleanroom, Inc.*, 11 AD3d 781, 782 [2004] [citations omitted]). The inquiry does not focus on the location of the employer, but upon the location of the employment (*see Matter of Nashko v Standard Water Proofing Co.*, 4 NY2d 199, 201 [1958]). Many factors may be considered in finding New York employment, including the location of the employer's office, as well as the location of the employee's performance, the locations where the employee was recruited and hired, and whether the employee resided in New York, was regularly contacted there by the out-of-state employer and was expected

to return to New York after out-of-state assignments (*see id.* at 201-202; *Matter of Edick v Transcontinental Refrigerated Lines*, 300 AD2d 848, 849 [2002]; *Matter of Williams v Roadkill, Inc.*, 277 AD2d 764, 765 [2000], *lv dismissed* 96 NY2d 824 [2001]; *Matter of Linton v North Am. Van Lines*, 26 AD2d 101, 103 [1966], *appeal dismissed* 18 NY2d 719 [1966]).

Decedent was a New York resident, and he was recruited by an advertisement placed by GAT in a newspaper circulated in New York. GAT dispatched decedent via telephone calls to his home in New York, and decedent returned to New York between jobs. GAT permitted him to park the truck in New York when it was not in use. The truck was owned by a New York resident, and decedent's paychecks were drawn from an account in a New York bank. While the geographically transitory nature of decedent's employment as an interstate truck driver renders this a close question (*see Matter of McMains v Trans World Airlines*, 18 AD2d 956 [1963], *lv denied* 13 NY2d 593 [1963]), we conclude that, in this case, the Board's finding of sufficient significant contacts between the location of decedent's employment and New York is supported by substantial evidence.

In a related argument, GAT contends that it had insufficient contacts with New York to establish long-arm jurisdiction over it under CPLR 302. However, the WCLJ found that personal jurisdiction was established by the appearance of GAT's vice president at a hearing on June 28, 1999 (*cf.* CPLR 320 [b]). GAT neither objected to nor appealed from the WCLJ's decision with respect to personal jurisdiction, filed on July 8, 1999, and thus, that decision is final and binding (*see Matter of Deich v City of White Plains*, 12 AD3d 928, 929 [2004]; *Matter of Imbriani v Berkar Knitting Mills*, 277 AD2d 727, 728, 730 [2000]). To the extent that GAT argues that the Board's determination should be reversed because it mistakenly stated that personal jurisdiction was obtained over GAT by the appearance of Paluch, we find this to be nothing more than an inadvertent and immaterial misstatement of fact.

Finally, GAT seeks review of the Board's determination that it was decedent's employer. Whether an employer-employee relationship exists "is a factual issue for the Board to resolve and its finding must be upheld if supported by substantial evidence" (*Matter of Topper v Cohen's Bakery*, 295 AD2d 872, 872 [2002]; *see Matter of Taylor v Kranichfeld*, 2 AD3d 1099, 1100 [2003]; *Matter of Jhoda v Mauser Serv.*, 279 AD2d 853, 854 [2001]). Factors relevant to such a finding include the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the rel-

ative nature of the work at issue (*see Matter of Taylor v Kranichfeld, supra* at 1100; *Matter of Topper v Cohen's Bakery, supra* at 872-873; *Matter of Gallagher v Houlihan Lawrence Real Estate,* 259 AD2d 853 [1999]). GAT contends that if decedent was employed by anyone, his employer was Paluch.

Testimony at the hearings revealed that decedent was recruited, interviewed and hired by GAT, and that GAT contacted Paluch and informed him that they had a driver for the truck that was leased from him. Decedent was dispatched on his runs by GAT, and although Paluch owned the truck, it was leased by GAT and Paluch had no knowledge of, or control over, decedent's delivery schedule. Paluch testified that GAT was an "ICC carrier" and was in possession of the federal license required for interstate truck operation. The truck driven by decedent displayed GAT's name, ICC license number, and its designation as the operator of the truck, and GAT was required to supervise decedent's entries in the driver's logbook required by the ICC. This evidence provides substantial support for the Board's determination that there was an employer-employee relationship between GAT and decedent. Thus, even though the record contains evidence that could support a contrary conclusion, the Board's decision must be affirmed (*see Matter of Marques v Salgado,* 12 AD3d 817, 819 [2004]).

Crew III, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.