■ In the Matter of the Claim of REBECCA WALD, Respondent, v AVALON PARTNERS, INC., Appellant, and UNINSURED EMPLOYERS FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [803 NYS2d 329]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed August 4, 2004, which ruled that an employer-employee relationship existed between claimant's decedent and Avalon Partners, Inc.

Claimant's husband, a stockbroker affiliated with Avalon Partners, Inc., perished in the terrorist attacks on the World Trade Center on September 11, 2001. Claimant's application for workers' compensation death benefits was disallowed by the Workers' Compensation Law Judge who found decedent to be an independent contractor, not an employee. The Board reversed and Avalon appeals.

Whether an employer-employee relationship exists is a question of fact to be resolved by the Board and, so long as the Board's determination is supported by substantial evidence, it must be upheld (*see Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723 [2005]; *Matter of Taylor v Kranichfeld*, 2 AD3d 1099, 1100 [2003]; *Matter of Topper v Cohen's Bakery*, 295 AD2d 872, 872 [2002]; *Matter of Stamoulis v Anorad Corp.*, 292 AD2d 657, 657 [2002], *lv denied* 98 NY2d 609 [2002]). Factors relevant to the determination include the right to control the alleged employee's work, the method of payment, the right to dis-

charge and the furnishing of equipment (*see Matter of Pilku v 24535 Owners Corp., supra* at 723; *Matter of Taylor v Kranichfeld, supra* at 1100; *Matter of Topper v Cohen's Bakery, supra* at 872; *Matter of Stamoulis v Anorad Corp., supra* at 657-658). Claimant testified that decedent worked from home approximately 40% of the time and from the office approximately 60% of the time. Avalon employees testified that they observed decedent working in the office on several occasions, had contact with him and had performed administrative duties for him such as photocopying and transferring phone calls. Despite being paid on a strictly commission basis, decedent was paid through Avalon's payroll service, taxes were deducted from his paycheck and he received a W-2 form from Avalon. Finally, the testimony of Avalon's president revealed that he had the right to control aspects of decedent's work and to discharge him at any time, for any reason. Under these facts, we affirm the Board's determination to be supported by substantial evidence, despite the existence of evidence which might support a contrary conclusion (*see Matter of Pilku v 24535 Owners Corp., supra* at 724; *Matter of Topper v Cohen's Bakery, supra* at 873; *Matter of Stamoulis v Anorad Corp., supra* at 658).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.