■ In the Matter of the Claim of IRENE SMOLICZ, on Behalf of CAROLYN KOESTNER, an Infant, Appellant, v CANTOR FITZGERALD, LP, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [812 NYS2d 694]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 25, 2005, which granted death benefits to Michelle Stabile as decedent's domestic partner.

Frank Koestner (hereinafter decedent) perished in the September 11, 2001 terrorist attacks while working for the employer at the World Trade Center in New York City. Claimant, decedent's former wife and the mother of their daughter, filed a claim for a workers' compensation death benefit (see Workers' Compensation Law § 16) on behalf of the child. As a result, a $400 weekly award was made to the child.

Michelle Stabile later objected to the award, claiming entitlement to a portion thereof as decedent's domestic partner (see Workers' Compensation Law § 4). Although a workers' compensation law judge ruled that Stabile did not qualify as decedent's domestic partner, the Workers' Compensation Board reversed, awarding Stabile $220 per week in benefits and reducing the award to decedent's child (compare Workers' Compensation Law § 16 [2-a] with Workers' Compensation Law § 16 [3-a]).

On this appeal, claimant primarily contends that Stabile does

not qualify as decedent's domestic partner within the meaning of Workers' Compensation Law § 4.* We agree. Where, as here, there has been no formal domestic partnership registration, the statute defines a domestic partner as an adult who: "is *dependent upon the employee for support* as shown by either unilateral dependence or mutual interdependence, as evidenced by a nexus of factors including, but not limited to, common ownership of real or personal property, common householding, children in common, signs of intent to marry, shared budgeting, and the length of the personal relationship with the employee" (Workers' Compensation Law § 4 [1] [a] [emphasis added]). Whether a domestic partnership exists in a particular case is a factual question to be answered by the Board and, as with other such inquiries (*see e.g. Matter of Stagnitta v Consolidated Edison Co. of N.Y.,* 24 AD3d 1099, 1100 [2005]; *Matter of Pagano v Anheuser Busch,* 301 AD2d 977, 978 [2003]; *Matter of Singleton v Angora,* 299 AD2d 620, 621 [2002]), the Board's determination should not be disturbed if supported by substantial evidence (*see generally* 111 NY Jur 2d, Workers' Compensation § 817).

Here, decedent and Stabile met in 1999, became engaged early in 2001 and planned to get married in October 2001. However, the couple never resided with each other, rarely stayed overnight at each other's respective homes and neither party had a key to the other's residence. Although the couple had entered into a contract for the purchase of a home together, a mortgage had not been secured at the time of decedent's death and Stabile's portion of the down payment was returned to her following decedent's demise. Furthermore, the couple did not receive mail at the other's home, did not have joint bank accounts or credit cards, did not pay any of the other's household bills, were not listed on each other's life insurance policies, did not jointly own any property and did not have any children together. Under these circumstances, Stabile has not established her unilateral dependence upon decedent or that the couple was mutually interdependent upon one another. Accordingly, substantial evidence does not support the Board's conclusion that Stabile was "dependent upon [decedent] for support" within the meaning of Workers' Compensation Law § 4 (1) (a).

Claimant's remaining contentions are rendered academic by this determination.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to

---

* We note that Stabile has not filed a brief with this Court in opposition to claimant's appeal.

the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.