In the Matter of the Claim of GEORGE SCHUSTER, Respondent, v VILLAGE OF LAKE GEORGE FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 619]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 25, 2005, which ruled that claimant was a covered employee under the Volunteer Firefighters' Benefit Law.

Claimant, a volunteer firefighter with the Village of Lake George Fire Department (hereinafter LGFD), was also self-employed in the vehicle repair business. Over the years, he had been retained in his business capacity to perform repair work

on LGFD's trucks and apparatus. Aside from that, he and other members of LGFD had also conducted routine maintenance activities as part of their duties as volunteer firefighters.

In April 2003, LGFD's fire chief requested that claimant switch valves on two fire trucks. Claimant completed the job and thereafter noticed that one of the trucks was leaking water. Claimant then went underneath the truck and adjusted the pump packing to prevent further leakage. In so doing, his clothing got caught in the drive shaft of the truck, causing him to suffer bodily injuries.

The Workers' Compensation Board subsequently awarded claimant benefits, determining that he was acting in his role as a volunteer firefighter at the time that he was injured and, therefore, was a covered employee under the Volunteer Firefighters' Benefit Law. This appeal by LGFD and its workers' compensation carrier ensued.

Pursuant to Volunteer Firefighters' Benefit Law § 5 (2) (e), claimant's entitlement to benefits hinged upon a finding by the Board that he was injured while in the course of his firefighter duties (see Matter of Van Wert v Schaghticoke Volunteer Fire Dept., 301 AD2d 831, 831 [2003]). Upon review of the record herein, we find that the Board's resolution of this issue in favor of claimant is supported by substantial evidence (see id.). In that regard, LGFD's fire chief testified that, although he expected to be billed by claimant for his services rendered in switching the valves, such a task did not require claimant to go underneath the truck and work on the pump. The fire chief further testified that sliding under the truck to adjust the pump was a separate activity which, unlike the valve work, was merely considered general maintenance that was done on a volunteer basis and was able to be performed by several of the firefighters, including claimant and the chief himself. Accordingly, despite the existence of evidence which might support a contrary conclusion, we affirm the Board's decision that claimant was acting in his capacity as a volunteer firefighter at the time of his injury (see Matter of Wald v Avalon Partners, Inc., 23 AD3d 820, 821 [2005]; Matter of Bugaj v Great Am. Transp., Inc., 20 AD3d 612, 615 [2005]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.