■ In the Matter of the Claim of Susan Falkouski, Appellant, v City of Rensselaer Fire Department et al., Respondents. Workers' Compensation Board, Respondent. [917 NYS2d 342]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 19, 2008, which denied an award of death benefits pursuant to the provisions of the Volunteer Firefighters' Benefit Law.

Decedent had a part-time paid position as an assistant fire chief and he was also a member of one of the several volunteer fire companies in the City of Rensselaer, Rensselaer County. He suffered a ruptured cerebral aneurysm while at a fire and died. His surviving spouse filed claims under both the Workers' Compensation Law and the Volunteer Firefighters' Benefit Law. A workers' compensation law judge determined that decedent's death was causally related to his volunteer firefighter duties. The Workers' Compensation Board reversed, finding that decedent was working in his capacity as an assistant fire chief and, thus, the Workers' Compensation Law controlled. Claimant appeals.

Determining whether an individual who sustains an injury related to fire prevention is serving as a volunteer firefighter or working in some other capacity is generally a factual issue for the Board (see Matter of Van Wert v Schaghticoke Volunteer Fire Dept., 301 AD2d 831, 831 [2003]; Matter of Diemond v Ithaca Fire Dept., 39 AD2d 979, 980 [1972]). Our review is limited, and if the Board's determination is supported by substantial evidence, we will not set it aside "despite the existence of evidence which might support a contrary conclusion" (Matter of Schuster v Village of Lake George Fire Dept., 34 AD3d 944, 945 [2006]; see generally Matter of Kane v Unger, 69 AD3d 991, 992 [2010]; Matter of Qavi v Utog 2-Way Radio, 252 AD2d 719, 719 [1998]). Decedent applied for the position of assistant fire chief and, upon being hired, he received biweekly pay and took on responsibilities beyond those of a volunteer firefighter. For example, he carried a City-supplied pager and was obligated to respond to all fires. Significantly, there was evidence that his duties as assistant fire chief required him to supervise volunteer fire companies responding to the scene of a fire, he wore a different color hat indicating his supervisory role and he was acting in such capacity at the time of the subject fire. Under these circumstances, substantial evidence supports the Board's determination that, at the time of his death, claimant was engaged in work as an employee in his paid position as an assistant fire chief.

Mercure, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.