■ DANNY LEVY, Respondent, v PLAINVIEW FIRE DEPARTMENT et al., Respondents, and CITY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [934 NYS2d 242]—

Kavanagh, J.

Claimant, a member of the Plainview Fire Department, submitted a volunteer firefighters' claim for benefits based upon injuries allegedly sustained while assisting the City of New York Fire Department at the World Trade Center disaster in September 2001. The Workers' Compensation Board awarded claimant benefits, finding, insofar as relevant herein, dual liability between the Plainview Fire Department and the self-insured employer, the City of New York, on the ground that claimant's activities at ground zero were directed and controlled by both entities. The City appeals, and we affirm.

General Municipal Law § 209-i (1) provides: "Whenever a volunteer [firefighter] is within this state, but outside the area regularly served by the fire company or fire department of which [the volunteer] is a member and has knowledge of a fire or other emergency at or near the place where [the volunteer] is for the time being, such volunteer . . . may report to the officer in command of the paid or volunteer fire company or paid or volunteer fire department, or in command of one of the paid or volunteer fire companies or one of the paid or volunteer fire departments, engaged in the handling of any such fire or other emergency and, on an individual basis, offer his [or her] services to assist such fire company or fire department. After [the volunteer's] services are so accepted, the volunteer . . . shall then be entitled to all powers, rights, privileges and immunities granted by law to volunteer [firefighters] during the time such services are rendered, in the same manner and to the same extent as if [the volunteer] were a volunteer member of the fire company or fire department which he [or she] is assisting, including benefits under the volunteer [firefighters'] benefit law."

Here, the record establishes that claimant initially volunteered on his own at ground zero on September 11, 2001. Thereafter, on September 12, 2001, claimant reported to the Plainview fire house where the fire chief requested volunteers to assist in the rescue and recovery efforts at ground zero. Claimant, along with others, volunteered and were authorized to use Plainview Fire Department's gear and equipment. Claimant testified that over the course of the next two weeks, he reported to the City's headquarters with other Plainview firefighters who volunteered and that their activities were then directed and controlled by

the City. Inasmuch as substantial evidence supports the Board's factual conclusions regarding claimant's dual employment (*see Matter of Palmer v State Univ. of N.Y. Upstate Med. Univ.*, 14 AD3d 737, 738 [2005], *lv denied* 5 NY3d 717 [2005]), the determination will not be set aside, even though the record could support a contrary conclusion (*see Matter of Falkouski v City of Rensselaer Fire Dept.*, 80 AD3d 1080, 1080 [2011], *lv denied* 16 NY3d 713 [2011]).

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.